UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR AGUILAR,<br><br>    Plaintiff,<br><br>v.<br><br>NAPA COUNTY, et al.,<br><br>    Defendants. | Case No. 25-cv-02161-PCP<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR PRO BONO COUNSEL**<br><br>Re: Dkt. Nos. 8, 9 |

Edgar Aguilar, an inmate at Pelican Bay State Prison in Crescent City, California, filed a *pro se* civil rights action under 42 U.S.C. § 1983 regarding events that occurred while he was held at Napa County Jail. Dkt. No. 7.

Mr. Aguilar states on the face of his pleading that it was filed as a placeholder to comply with a time limitation, that the pleading is incomplete, and that he intends to "amend his pleading setting forth the full factual claims for relief" when his "time permits." *Id.* at 30. Although it has been six months since he made that statement, Mr. Aguilar has yet to amend his pleading. *See generally* Dkt.

The Court cannot meaningfully evaluate claims that are not supported by the "full fact[s]." The Complaint therefore is DISMISSED with leave to amend.

For similar reasons, Mr. Aguilar's request for appointment of pro bono counsel is DENIED. Mr. Aguilar does not identify exceptional circumstances which would warrant the appointment of pro bono counsel, and without the complete facts the Court cannot determine whether Mr. Aguilar's claims warrant counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (stating that a district court may appoint counsel in "exceptional circumstances"); *see*

*also Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981) (explaining that there is no constitutional right to counsel in a civil case). The fact that a *pro se* litigant would be better served with the assistance of counsel does not necessarily qualify plaintiff to be appointed pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that plaintiff may well have fared better with assistance of counsel does not require appointment of counsel).

I.   **Conclusion**

1. Pursuant to Mr. Agular's statement that his pleading is incomplete and that he wishes to amend, the Complaint is DISMISSED WITH LEAVE TO AMEND.

2. The AMENDED COMPLAINT shall be filed within **thirty-five days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (25-cv-2161-PCP) and the words AMENDED COMPLAINT on the first page. In the amended complaint, Mr. Aguilar must allege facts that demonstrate he is entitled to relief on every claim against every defendant. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

3. It is Mr. Aguilar's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. Mr. Aguilar is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

5. Mr. Aguilar's motion to be appointed counsel is DENIED. *See* Dkt. No. 9.

6. Mr. Aguilar's motion to proceed *in forma pauperis* is GRANTED. *See* Dkt. No. 8. The initial partial filing fee is $10.00. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance,

whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Aguilar via U.S. mail, and to the California Department of Corrections and Rehabilitation (CDCR) and the court's financial office via email at trusthelpdesk@cdcr.ca.gov and CAND_Finance@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: October 8, 2025

P. Casey Pitts
United States District Judge

3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff/Petitioner

Court's Finance Office
United States District Judge